IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW CHIEN,

     Appellant,

v.                            Civil Action No. 3:12cv707

COMMONWEALTH
BIOTECHNOLOGIES, INC.,

     Appellee.

## MEMORANDUM OPINION

This matter is before on the Court on _pro se_ appellant Andrew Chien's ("Chien" or "Appellant") appeal from an order of the United States Bankruptcy Court for the Eastern District of Virginia (Huennekens, B.J.) ("Bankruptcy Court"), pursuant to 28 U.S.C. § 158(a)(1). For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

## PROCEDURAL AND FACTUAL BACKGROUND

This appeal arises from a July 27, 2012 order of the Bankruptcy Court finding Chien in contempt of court and ordering him to pay sanctions.

On January 20, 2011, the debtor-appellee, Commonwealth Biotechnologies, Inc. ("CBI" or "Appellee") filed a petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. On May 16, 2011, Fornova Pharmworld Inc. ("Fornova") filed a claim for $622,167. On February 10, 2012, CBI initiated

1

an Adversary Proceeding objecting to the claim and seeking either to either equitably subordinate the claim or recharacterize the claim as an equity interest.

On March 12, 2012, Chien filed a "Motion to Dismiss Adversary Proceeding" on behalf of Fornova, describing himself as Fornova's "trustee." On March 20, 2012, Chien appeared at a pretrial conference on behalf of Fornova. At this meeting, Chien was advised by the Bankruptcy Court that he could not appear on behalf of Fornova without being a licensed and duly admitted attorney. On April 24, 2012, Chien filed with the Bankruptcy Court an unwieldy titled "Motion of Permitting Adding Andrew Chien as an Intervening Defendant and Dismiss Complaint Against Chien Due to Defamation and Bankruptcy Fraud, and Further Request for Immediately Money Distribution to Creditors and Bar the Payment of the Counsel Fees of Tavenner & Beran, PLC and Auditor Fees of Witt Mares, PLC from CBI Because (1) They Involved Bankruptcy Fraud (2) CBI Has No Cash and All Cash Belongs to Creditors" ("Motion to Intervene"). Chien then appeared at a hearing on April 25, 2012 and asserted that he was permitted to participate since he had an interest in Fornova.

The Bankruptcy Court once again informed Chien that he could not appear on behalf of Fornova and that a corporation must appear through duly admitted counsel. On May 1, 2012, the Bankruptcy Court entered an order striking Chien's Motion from

the record and ordering Chien to refrain from filing documents or attempting to appear on behalf of Fornova. Following the Bankruptcy Court's verbal and written orders, Chien nevertheless filed two additional motions on behalf of Fornova on June 13, 2012. Accordingly, on June 14, 2012, the Bankruptcy Court issued an order directing Chien to appear before the Bankruptcy Court and show cause why he should not be held in contempt.

On July 16, 2012, Chien filed a response to the order, titled "Answer to Order Directed to Andrew Chien to Show Cause Why He Should Not Be Held in Contempt and Sanctioned." On July 18, 2012, Chien appeared before the Bankruptcy Court and made various arguments as to why he should be permitted to represent Fornova. After hearing Chien's various arguments, the Bankruptcy Court found Chien in contempt. Chien subsequently filed a "Motion for Alter or Amend a Judgment Dated July 18, 2012, Based on Rule 59(e) of FRCP." On July 27, 2012, the Bankruptcy Court entered an order finding Chien in contempt of the May 1, 2012 order; awarding sanctions; and denying the "Motion for Alter or Amend." On August 13, 2012, the Clerk of the Bankruptcy Court received and entered a notice of appeal to this Court of the Bankruptcy Court's July 27, 2012 Order and of the Bankruptcy Court's finding that Chien could not represent Fornova before the Bankruptcy Court.

## DISCUSSION

### The Jurisdiction of this Court

As a threshold matter, CBI argues that this Court is without jurisdiction to consider the appeal. Appellee Brief at 4.[1] CBI argues that Chien failed to timely file his notice of appeal with the Bankruptcy Court. The Federal Rules of Bankruptcy Procedure require that "[t]he notice of appeal shall be filed with the clerk [of the Bankruptcy Court] within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. Pro. 8002(a). It is well-settled that, if a prospective appellant fails to timely file his notice of appeal, the District Court is stripped of its jurisdiction to hear the appeal. Smith v. Dairymen, Inc., 790 F.2d 1107, 1111 (4th Cir. 1986) ("[O]nly a party who files a notice of appeal

---

[1] CBI initially filed a Motion to Dismiss (Docket No. 9), presenting the same arguments as it presents in Part I of its brief. See Appellee's Brief at 4 n.1. That motion was denied without prejudice for failure to provide Chien with notice as required by the United States Court of Appeals for the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(k). See ORDER OF OCTOBER 31, 2012 (Docket No. 10). After the Court's Order, Chien filed a document styled MEMORANDUM OF FACTS AND LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Docket No. 13), which appears to exclusively address the issue raised by CBI in its Motion to Dismiss. Insofar as a motion for summary judgment is inappropriate in an appeal proceeding from the Bankruptcy Court and in light of the fact that Chien has declined to file a reply brief within the time period established by Fed. R. Bankr. Pro. 8009(1)(3), the Court will construe Chien's MOTION FOR SUMMARY JUDGMENT as a Reply Brief addressing the issue raised in Part I of the Appellee's Brief.

4

properly invokes the appellate jurisdiction of the district court."). In the instant case, the order of the Bankruptcy Court was entered on July 27, 2012. Accordingly, under the Rules, Chien had until August 10, 2012 to file his Notice of Appeal with the Clerk of the Bankruptcy Court. The Notice of Appeal was stamped by the Clerk on August 13, 2012. Bankr. Record at 164. Thus, CBI maintains, Chien filed his notice of appeal outside of the time permitted by the Rules. In reply, Chien argues that the Notice is <u>dated</u> August 6, 2012 and represents that he mailed the Notice on, or before, that date. Chien Mem. in Supp. of Summ. J. at 2. Chien further represents that when he learned that the Bankruptcy Court had not received his Notice of Appeal by August 10, 2012, he sent another Notice, dated August 10, 2012, which was returned to him by the Clerk of the Bankruptcy Court since they had received the first one. <u>Id.</u> at 2-3.

In most instances, a notice of appeal is considered "filed" when it is <u>received</u> by the court with which it is to be filed. See <u>Houston v. Lack</u>, 487 U.S. 266, 274 (1988) (noting that "a large body of lower court authority has rejected the general argument that a notice of appeal is 'filed' at the moment it is placed in the mail addressed to the clerk of the court-this on the ground that <u>receipt</u> by the district court is required")(emphasis in original). However, when it comes to appeals from the Bankruptcy Court to the District Court, the

United States Court of Appeals for the Fourth Circuit has adopted the so-called mailbox rule. In re Pigge, 539 F.2d 369, 371 (4th Cir. 1976); see also In re Wells, 2007 WL 1892307 at *1 (W.D. Va. July 2, 2007); In re Shaw's Plumbing and Heating Co., 1 B.R. 219 (1979). In Pigge, the Fourth Circuit made clear that, in a bankruptcy proceeding, the notice of appeal was "timely filed" when "the dissenting creditor's counsel placed the notice in the mails." 539 F.2d at 371. Although it represents a distinctly minority position, the Pigge rule is, of course, controlling here.

Unfortunately, the Bankruptcy Court neither retains nor records the date of the postmark on filings that are sent by mail. However, there is nothing in the record to contradict Chien's representation that he placed his notice of appeal in the mail on or before August 10, 2012. Indeed, it seems entirely plausible that a letter received by the Clerk on August 13, 2012 (a Monday) would have been sent, from Connecticut, before August 10, 2012 (which was the previous Friday). Therefore, in the absence of any evidence to the contrary, the record demonstrates that the Notice of Appeal was mailed within the ten-day period following the entry of the order by the Bankruptcy Court. Accordingly, it appears that the Notice was timely filed and that this Court, therefore, has jurisdiction over the appeal.

**The Appeal**

This Court reviews the Bankruptcy Court's legal conclusions de novo. In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992). Factual findings are reviewed only for clear error. Id.; see also Fed. R. Bankr. Pro. 8013.

The issues raised by Chien on appeal are largely unclear. Indeed, Chien's brief is a somewhat nubilous discourse on the law of corporations and his view on the effect of the International Institute for the Unification of Private Law Principles of International Commercial Contracts (UNIDROIT Principles) on this present proceeding. At the core, Chien appears to assert a right to represent a foreign corporation before the Bankruptcy Court mandated by Chien's "free contract rights" as secured by the Fifth and Fourteenth Amendments to the United States Constitution. Appellant Br. at 1. Chien asks this Court to reverse the Bankruptcy Court's order finding Chien in contempt as well as the Bankruptcy Court's underlying order finding that Chien could not represent Fornova in the bankruptcy proceedings.[2] Id. at 10-11. Chien also asserts that CBI "deprived Chien's constitution [sic] rights of free contract and hurt

---

[2] Throughout his brief, Chien refers to the actions of the Bankruptcy Court as the actions of CBI. See e.g. Appellant Br. at 2 (asserting that CBI "wrongly treated Fornova as US Corporation, disqualified Chien's representative status in the excuse that Mr. Chien is not an attorney, and wrongly gave Chien sanction."). Obviously, the Bankruptcy Court's orders and rulings were issued by that court and not by CBI.

Chien's compensation." Id. at 10. As a result, Chien seeks damages in an undetermined amount against CBI, pursuant to 28 U.S.C. § 1343.

The Local Bankruptcy Rules provide that "no party or entity other than a natural person acting in his or her own behalf . . . may appear in a bankruptcy case or proceeding, sign pleadings, or perform any act constituting the practice of law except by counsel." L.B.R. 9010-1. The rule merely reflects the longstanding principle that "a corporation must be represented by an attorney in federal court." In re Tamojira, Inc., 20 Fed. App'x. 133, 133-34 (4th Cir. 2001); see also Rowland v. Calif. Men's Colony, 506 U.S. 194, 202 (1993) (noting that "the lower courts have uniformly held that . . . corporations, partnerships, or associations [may not] appear in federal court otherwise than through a licensed attorney.").

Chien has a lengthy history of purporting to appear in federal courts on behalf of foreign corporations and being informed that this is not permitted. See e.g., Chien v. Barron Capital Advisors, LLC, No. 3:09-cv-1873, 2011 WL 6004580 (D. Conn. Dec. 1, 2011) (imposing Rule 11 sanctions for attempting to represent a corporation pro se); Chien v. Skystar Bio Pharmaceutical, 623 F. Supp. 2d 255, 264 (D. Conn. 2009) (finding that Chien did not have standing to bring in derivative claim on behalf of a corporation). Indeed, this Court has

8

previously informed Chien that he may not represent a corporation. <u>Freer v. Chien</u>, No. 3:12cv214-REP, (Docket No. 11) (E.D. Va. May 3, 1012).

In the instant case, the Bankruptcy Court entered an order on April 30, 2012 instructing Chien that he "shall not appear before or file pleadings with the Court in this matter except through counsel duly authorized to practice before the United States Bankruptcy Court for the Eastern District of Virginia." ORDER OF APRIL 30, 2012, Bankr. Adversary Record at 124. The order further noted that the Bankruptcy Court had previously informed Chien, at a March 20, 2012 hearing, that Chien "was not permitted to appear before the Court on behalf of Fornova and that he needed to retain counsel to represent the corporation." <u>Id.</u> On June 14, 2012, the Bankruptcy Court entered an order directing Chien to show cause why he should not be held in contempt. See ORDER OF JUNE 14, 2012, Bankr. Record at 67-69. In that order, the Bankruptcy Court found that despite its April 30, 2012 order, Chien had continued to file pleadings with the Bankruptcy Court on behalf of Fornova. On July 18, 2012, the Bankruptcy Court held a show cause hearing. During that hearing Chien acknowledged that the Bankruptcy Court had forbidden him from continuing to file pleadings on behalf of Fornova. See Tr. of Show Cause Hearing (Docket No. 6) at 7:17-22 (THE COURT: "I entered an order in this case that said that you - and I've

talked to you before in this court that you cannot represent Fornova." MR. CHIEN: "Yes, I know." THE COURT: "And I've told you that." MR. CHIEN: "Yes."). At the close of that hearing, the Bankruptcy Court found that "Andrew Chien has submitted pleadings on behalf of Fornova after this Court entered its order forbidding him to do so, in violation of the Court's order, and accordingly the Court finds that Mr. Chien is in contempt of the Court's prior order." Tr. at 22:19-23.

In order to hold an individual in civil contempt, the court must find, by clearing and convincing evidence,

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000)(internal ellipses omitted). Here, as CBI notes, the "movant" is properly considered the Bankruptcy Court who issued the order to show cause on its own motion. Appellee Br. at 12. It seems clear that the Bankruptcy Court's order was in that court's "favor" and that the Bankruptcy Court suffered harm as a result of Chien's conduct. There is no serious dispute that Chien was aware of the Bankruptcy Court's order nor can there be a dispute that Chien's conduct violated that order. The dispute

here is over whether or not the decree itself was valid. If the decree was not valid, the contempt order must fail as well. See McLean v. Cent. States, Se. & Sw. Areas Pension Fund, 762 F.2d 1204, 1210 (4th Cir. 1985) (noting that "reversal of the underlying order ordinarily invalidates any civil contempt sanctions predicated thereon.").

The core of Chien's challenge to the Bankruptcy Court's order is the claim that Chien has the right to represent Fornova's interests before the Bankruptcy Court. While Chien's brief is, at times, a wandering missive on corporate agency, his position can be distilled to several discrete theories under which Chien claims the right to represent Fornova: (1) that Fornova is not a corporation under United States law and should be treated as an individual, Appellant's Br. at 2-4; (2) that Chien has been designated the trustee of Fornova for the purposes of pursuing collection on the debt owed it by CBI, Id. at 4-5, and that the agency principles set forth by the International Institute for the Unification of Private Law (UNIDROIT) mandate that this Court recognize Chien's right to represent Fornova as its agent, Id. at 6-8; and (3) that Chien's "free contract" rights, protected under the Fifth and Fourteenth Amendments of the United States Constitution, require that he be allowed to represent Fornova. All of these arguments fail.

11

First, even if the Court were to accept Chien's premise that Fornova is not a corporation under United States law but, rather, should be treated as an individual, it does not logically follow that Chien should have the right to represent Fornova before the Bankruptcy Court.[3] Moreover, neither Local Bankr. R. 9010-1 nor the long-standing principal that corporations must be represented by counsel makes any distinction between U.S. and foreign corporations. Whether or not a party is a natural person is a fixed reality, regardless of American or Chinese citizenship. Natural persons may appear pro se; corporations may not.

Chien's second claim is that his designation as the trustee of Fornova gives him the "exclusive" right to represent Fornova before the Bankruptcy Court. Appellant's Br. at 4. Assuming arguendo that Chien is properly the trustee of Fornova, it is well settled that a trustee cannot represent the "trust" pro se, as the trustee is not the "real party in interest." See e.g., CE Pope Equity Trust v. United States, 818 F.2d 696, 698 (9th Cir. 1987) (finding that the trustee may "not claim that his status as trustee includes the right to present arguments pro se in federal court"). Indeed, Chien is less purporting to be the trustee of Fornovoa so much as their agent in the United States

---

[3] Indeed, as an individual, Fornova would have even less cause to rely on the purportedly "pro se" representation of another individual.

12

serving in a representative capacity. And, "a trustee appearing in a solely representative capacity requires a lawyer in federal court." <u>United States v. Mraz</u>, 274 F. Supp. 2d 750, 755 (D. Md. 2003)(internal quotations and citation omitted).

Chien places substantial reliance on the UNIDROIT Principles of International Commercial Contracts which he suggests are both informative and binding.[4] The sections of the Principles to which Chien refers seem to be little more than a restatement of the general structure of the principal-agent relationship. <u>See</u> Appellant's Br. at 6-7. The provisions that Chien cites fundamentally acknowledge that a principal can grant authority to an agent and that the agent may or may not be able bind the principal in dealings with a third party, depending on what the third party knew, or should have known, at the time of the interaction. <u>Id.</u> at 7. Chien argues that his designation as

---

[4] Chien identifies four decisions that he asserts is evidence that "US District Court adapted [sic] Unidroit." Appellant's Br. at 8. None of these decisions supports the general proposition nor do they inform the applicability of the UNIDROIT Principles to the requirement that corporations be represented by counsel. <u>See</u> <u>Matthews v. Princess Cruise Lines, Ltd.</u>, 728 F. Supp. 2d 1326, 1331 (S.D. Fla. 2010) (referencing the UNIDROIT principles in the context of procedural unconscionability and the enforcement of arbitration provisions); <u>Krstic v. Princess Cruise Lines, Ltd.</u>, 706 F. Supp. 2d 1271, 1277 (S.D. Fla. 2010) (same); <u>Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.</u>, 29 F. Supp. 2d 1168, 1173 (S.D. Cal. 1998) (finding that the Iran-United States Claims Tribunal's reference to the UNIDROIT principles was proper since the dispute implicated "general principles of international law").

the agent of Fornova for the purposes of collecting the CBI debt changed "the direct contract relation between CBI and Fornova." Id. However, as noted above, the agent-principal relationship between Chien and Fornova does not make Chien the "party in interest" in the proceedings before the Bankruptcy Court. The designation may well permit Chien to engage an attorney on behalf of Fornova, but it does not permit him to represent Fornova before the Bankruptcy Court and circumvent the requirement that corporations appear through qualified counsel. After all, the right to proceed pro se "has never been enlarged to include – by appointment or substitution – an agent." Heiskell v. Mozie, 82 F.2d 861, 863 (D.C. Cir. 1936). Chien cites no law to the contrary.

Chien's final argument is that prohibiting him to appear violates his right to "free contract" with Fornova. Appellant's Br. at 8. In support of this contention, Chien cites to, inter alia, Lochner v. New York, 198 U.S. 45 (1905) and Adkins v. Children's Hospital, 261 U.S. 525 (1923). Notwithstanding the modern disfavor of the free contract principles articulated in Lochner, Chien does not explain how requiring Fornova to engage an attorney in order to appear in federal court infringes upon the "free contract right between Chien and Fornova." Appellant's Br. at 8. Chien and Fornova are free to contract between

14

themselves on any number of issues; Chien is simply barred from appearing in federal court on behalf of a corporation.

## CONCLUSION

For the foregoing reasons, the Court finds that the Bankruptcy Court's decision to find Chien in contempt and to order sanctions is appropriate. None of Chien's arguments regarding his purported rights to represent Fornova before the Bankruptcy Court are convincing. Chien had been made aware of his obligation to secure counsel to represent a corporation in federal court, by the Bankruptcy Court, by the District Court in Connecticut, and by this Court. Chien's refusal to comply with this rule interfered with the orderly operation of the Bankruptcy Court, and sanctions against Chien were appropriate. Chien's claim for compensation from CBI pursuant to 28 U.S.C. § 1343 is patently frivolous and entirely without merit. The order of the Bankruptcy Court is AFFIRMED.

It is so ORDERED.

/s/    REP
_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 18, 2012